IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA D. STAPLETON, | ) | CASE NO. 5:19-cv-000608 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Sandra D. Stapleton ("Plaintiff" or "Stapleton") seeks judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Doc. 1. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.

For the reasons set forth below, the undersigned recommends that the Court **AFFIRM** the Commissioner's decision.

## I. Procedural History

On April 20, 2016, Stapleton protectively filed applications for DIB and SSI.[1] Tr. 12, 207-219. Stapleton alleged a disability onset date of March 11, 2016. Tr. 12, 207, 214, 240.

---

[1] The Social Security Administration explains that "protective filing date" is "The date you first contact us about filing for benefits. It may be used to establish an earlier application date than when we receive your signed application." http://www.socialsecurity.gov/agency/glossary/ (last visited 5/17/2020).

She alleged disability based on back problems, thickened heart valve, heart murmur, high blood pressure, two spurs and two pinched nerves in back, and being a slow learner in school. Tr. 118, 128, 244. After initial denial by the state agency (Tr. 117-123) and denial upon reconsideration (Tr. 128-139), Stapleton requested a hearing (Tr. 140-141). On May 11, 2018, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 27-64.

On June 22, 2018, the ALJ issued a decision unfavorable to Stapleton (Tr. 9-26), finding that she had not been under a disability within the meaning of the Social Security Act from March 11, 2016, through the date of the decision (Tr. 12, 21). Stapleton requested review of the ALJ's decision by the Appeals Council. Tr. 205-206. On February 20, 2019, the Appeals Council denied Stapleton's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6.

## II. Evidence

### A. Personal, educational, and vocational evidence

Stapleton was born in 1964. Tr. 20, 32. Stapleton lived with her 76-year-old mother. Tr. 32-33. Stapleton graduated from high school. Tr. 35. Stapleton last worked in 2016. Tr. 35. Her past relevant work was as a machine tender and laborer. Tr. 35-40, 59-60.

### B. Medical evidence

Stapleton has appealed only with respect to her alleged visual impairment. Accordingly, the medical evidence is limited to evidence relating to that alleged impairment.[2]

Plaintiff states that she was seen by Dr. Thomas Magness, M.D. on May 10, 2017, for an eye examination and that her best corrected visual acuity during that examination was 20/30 and

---

[2] Certain of Stapleton's eye examination notes are difficult to decipher. *See e.g.*, Tr. 460, 463. Thus, the summary of the eye examination records is based in part on Plaintiff's description of the records as set forth in her brief (Doc. 14, p. 6).

2

20/40. Tr. 463. The notes from that visit refer to a glaucoma evaluation. Tr. 463. Stapleton indicates that she attended a glaucoma evaluation on May 26, 2017. Tr. 460. She states that at the evaluation, her intraocular pressure was 25 and 26 and Dr. Magness's impression was glaucoma and he started Stapleton on a trial of Latanoprost drops. Tr. 460. Stapleton indicates that Central 24-2 testing, utilizing a III white stimulus, was conducted on May 26, 2017, and the testing revealed a Mean Deviation or Defect ("MD") of -16.27 in the right eye and -20.01 in the left eye. Tr. 458-459. Stapleton states she then saw Dr. Magness on June 28, 2017. Tr. 456. She indicates that Dr. Magness diagnosed her with primary open-angle glaucoma and found elevated intraocular pressure and corrected visual acuity of 20/40 in both eyes. Tr. 456.

There are no records of further treatment by Dr. Magness or any other medical providers for Stapleton's glaucoma or other eye issues after the June 28, 2017, visit and no medical opinions relating to Stapleton's alleged visual impairments.

**C.     Hearing testimony**

   **1.     Plaintiff's testimony**

Stapleton testified and was represented by an attorney at the hearing. Tr. 29, 32-58. Stapleton's counsel in this appeal is not the same counsel she had at the hearing. Doc. 14, p. 3. During the hearing, neither Stapleton nor her counsel mentioned Stapleton's alleged visual impairments. She testified that problems with her legs and back prevented her from working. Tr. 44. She testified about other physical and mental impairments that caused her problems but she did not mention or discuss her glaucoma or alleged visual impairments.

Stapleton testified that she had driven herself to the hearing. Tr. 33. When asked if driving presented any issues for her, Stapleton indicated: "Yes because it hurts my back. I'm not use to driving this far." Tr. 33-34. She did not relay any problems or issues with driving due to

visual impairments. Tr. 34. Stapleton reported that she still had her driver's license and she did not have any restrictions on her driver's license. Tr. 34. Stapleton can read and write. Tr. 35.

### 2. Vocational expert's testimony

Vocational Expert George Starosta ("VE") provided testimony at the hearing regarding Stapleton's past relevant work and the availability of jobs based on various hypothetical questions. Tr. 58-63.

### III. Standard for Disability

Under the Act, 42 U.S.C § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

42 U.S.C. § 423(d)(2).

In making a determination as to disability under this definition, an ALJ is required to follow a five-step sequential analysis set out in agency regulations. The five steps can be summarized as follows:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If the claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed

                impairment, the claimant is presumed disabled without further inquiry.

4.     If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work. If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5.     If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. § 404.1520;[3] *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42, 96 L. Ed. 2d 119, 107 S. Ct. 2287 (1987). Under this sequential analysis, the claimant has the burden of proof at Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the Residual Functional Capacity ("RFC") and vocational factors to perform work available in the national economy. *Id.*

### IV. The ALJ's Decision

In his June 22, 2018, decision, the ALJ made the following findings:[4]

1.     Stapleton meets the insured status requirements of the Social Security Act through December 31, 2021. Tr. 14.

2.     Stapleton has not engaged in substantial gainful activity since March 11, 2016, the alleged onset date. Tr. 14.

3.     Stapleton has the following severe impairments: obesity, lumbar degenerative disc disease, spinal stenosis and spondylolisthesis with bilateral sciatica status post decompressions and fusion; and neuropathy. Tr. 14-16. Stapleton has the following non-severe impairments:

---

[3] The DIB and SSI regulations cited herein are generally identical. Accordingly, for convenience, in most instances, citations to the DIB and SSI regulations regarding disability determinations will be made to the DIB regulations found at 20 C.F.R. § 404.1501 et seq. The analogous SSI regulations are found at 20 C.F.R. § 416.901 et seq., corresponding to the last two digits of the DIB cite (i.e., 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

[4] The ALJ's findings are summarized.

       hypertension; coronary artery disease; systolic heart murmur; minimal degenerative changes to the bilateral knees; restless leg syndrome; depression; and nicotine abuse. Tr. 15-16.

4.     Stapleton does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments. Tr. 16.

5.     Stapleton has the RFC to perform light work as as defined in 20 C.F.R. § 404.1567(b) with limitations as follows: never climb ladders, ropes and scaffolds; occasionally climb ramps and stairs; occasionally stoop, crouch, and crawl; frequently kneel; avoid concentrated exposure to extreme cold and vibrations; and avoid all exposure to hazards, such as unprotected heights and moving mechanical parts. Tr. 16-19.

6.     Stapleton is capable of performing past relevant work as an injection-molding-machine tender/plastic-machine tender. Tr. 19. Stapleton was born in 1964 and was 51 years old, defined as an individual closely approaching advanced age, on the alleged disability onset date. Tr. 19-20. Stapleton has at least a high school education and is able to communicate in English. Tr. 20. Transferability of job skills is not material to the determination of disability. Tr. 20. Alternatively, considering Stapleton's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Stapleton can perform, including cashier II, ticket taker, and laundry folder. Tr. 20.

Based on the foregoing, the ALJ determined that Stapleton had not been under a disability, as defined in the Social Security Act, from March 11, 2016, through the date of the decision. Tr. 21.

## V. Law & Analysis

### A.    Standard of review

A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028,

1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)).

A court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, a reviewing court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). When assessing whether there is substantial evidence to support the ALJ's decision, the Court may consider evidence not referenced by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

**B.     The undersigned recommends that the Court AFFIRM the Commissioner's decision**

Stapleton did not argue or claim disability based on vision issues at the initial or reconsideration levels because evidence of glaucoma did not arise until May 2017, after the initial and reconsideration levels. Doc. 19, p. 1. Stapleton concedes that vision issues were not raised at the hearing before the ALJ. Doc. 19, p. 1 (Plaintiff's Reply Brief wherein Plaintiff acknowledges that her prior counsel did not mention vision issues at the hearing). Nevertheless, Stapleton now argues that the ALJ erred at Step Three by not assessing whether her alleged visual impairment satisfied the criteria under Listing 2.04B (Loss of visual efficiency, or visual impairment, in the better eye). Doc. 14, pp. 8-10, Doc. 17, pp. 1-2. Stapleton also contends that the ALJ's RFC finding is not supported by substantial evidence because the RFC does not account for her alleged visual limitations. Doc. 14, pp. 10-12, Doc. 17, p. 3.

At Step Three of the disability evaluation process, a claimant will be found disabled if her impairment(s) meets or equals one of the listings in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). The claimant bears the burden of establishing that her condition meets or equals a Listing. *Thacker v. SSA*, 93 Fed. Appx. 725, 727-728 (6th Cir. 2004) (citing *Buress v. Sec'y of Health and Human Serv's.*, 835 F.2d 139, 140 (6th Cir. 1987)). Thus, a claimant "must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker* 93 Fed. Appx. at 728 (citing *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987)). "Each listing specifies 'the objective medical and other findings needed to satisfy the criteria of that listing.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 414 (6th Cir. 2011). "A claimant must satisfy all the criteria to 'meet' the listing." *Id.* There is no heightened articulation standard at Step Three. *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 411 (6th Cir. Jan. 31, 2006) (unpublished). And lack of analysis at Step Three may not be cause for reversal where the decision includes findings to support the ALJ's decision and/or where a claimant has not shown that her impairments met or equaled the severity of a listing. *Forrest v. Comm'r of Soc. Sec.*, 591 Fed Appx. 359, 366 (6th Cir. 2014).

Plaintiff argues that eye examination records and testing that took place in May and June of 2017 demonstrate that she has a visual impairment that meets Listing 2.04B. Doc. 14, pp. 9-10. Thus, she contends that the ALJ's failure to analyze her impairments under Listing 2.04B is reversible error.

The ALJ considered whether Stapleton had an impairment or combination of impairments that met or equaled a Listing, specifically discussing Listings 1.02 (dysfunction of joint), 1.04 (disorders of the spine), 11.14 (peripheral neuropathy), and impact of obesity. Tr. 16.

It is no surprise that the ALJ did not mention a vision listing at Step Three, however, because Stapleton noted no problems with her vision during the hearing and her counsel did not make a Step Three argument. A failure to raise an issue at the administrative level can preclude a court from considering the issue. *See Struthers v. Comm'r of Soc. Sec.*, 181 F.3d 104, * 2 (6th Cir. May 26, 1999) (unpublished) (noting as a preliminary matter that "plaintiff apparently did not raise [an] issue at the administrative level, which preclude[d] [the] court from considering the issue[]").

Plaintiff argues that the Court should not find a waiver because she was represented by different counsel at the hearing and ALJs have a duty to investigate facts and develop arguments for and against granting benefits. Doc. 19, pp. 1-2. An ALJ has an obligation to ensure "that every claimant receives a full and fair hearing[.]" *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Nevertheless, a "claimant bears the ultimate burden of proving disability." *Wilson v. Comm'r of Soc. Sec.*, 280 Fed. Appx. 456, 459 (6th Cir. 2008). Furthermore, an ALJ has a special, heightened duty to develop the record <u>only</u> under special circumstances, such as "when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with the hearing procedures[.]" *Id* at 459 (citing *Lashley*, 708 F.2d at 1051-1052). Thus, since Stapleton was represented by counsel at the hearing, her claim that the ALJ had a heightened duty to develop the record is without merit.

Additionally, assuming arguendo that Stapleton did not waive her ability to raise the issue of her alleged visual impairment, for the following reasons, the Court should affirm the Commissioner's decision as supported by substantial evidence.

"[T]he regulations have a duration requirement: an impairment 'must have lasted or be expected to last for a continuous period of at least 12 months.'" *Seals v. Comm'r of Soc. Sec.*,

9

2019 WL 4141499, * 5 (N.D. Ohio Aug. 30, 2019) (quoting 20 C.F.R. § 404.1509). "To be considered disabled under the Listing of Impairments, a claimant must establish that his condition is either permanent, is expected to result in death, or is expected to last at least 12 months, as well as to show that his condition meets or equals one of the listed impairments." *Cole v. Comm's of Soc. Sec.*, 2016 WL 5334593, * 3 (W.D. Mich. Sept. 23, 2016) (quoting *Listenbee v. Sec'y of Health and Human Services*, 846 F.2d 345, 350 (6th Cir. 1988)); *see also* 20 C.F.R. 404.1525(c)(4) ("For some listings, we state a specific period of time for which your impairment(s) will meet the listing. For all others, the evidence must show that your impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months." Stapleton's claim, which is premised on meeting Listing 2.04B, does not relieve her of her burden to demonstrate that her impairment satisfies the 12-month durational requirement.[5]

      The vision records relied on by Plaintiff cover only two months, i.e., May 10, 2017, through June 28, 2017. Tr. 455-463. During a medical visit regarding Stapleton's back pain in November 2017, a review of systems indicated no problems with vision (Tr. 541) and, during the May 2018 hearing, Stapleton reported no problems with her vision and in fact drove herself to the hearing and reported no restrictions on her driver's license (Tr. 33, 34). Also, Stapleton reported being able to read and write. Tr. 33, 34. Stapleton has failed to demonstrate how this evidence establishes that her alleged visual impairment lasted or was expected to last for a continuous period of at least 12 months.

---

[5] There is no duration requirement for statutory blindness. *See* Listing 2.00(A)(3). However, a claimant meeting Listing 2.04B does not have statutory blindness. *See* Listing 2.00(A)(2)(c) ("You have statutory blindness only if your visual disorder meets the criteria of 2.02 or 2.03A. You do not have statutory blindness if your visual disorder medically equals the criteria of 2.02 or 2.03A or meets or medically equals the criteria of 2.03B, 2.03C, 2.04A, or 2.04B because your disability is based on criteria other than those in the statutory definition of blindness.")

Stapleton contends that, since the ALJ did not consider the visual listing and did not make a finding regarding the durational requirement, affirming the ALJ's decision on the basis that her impairment does not meet the durational requirement is not proper. Doc. 19, p. 2. The undersigned concludes otherwise, finding that, even if the testing records could be shown to satisfy the requirements of Listing 2.04B, the record does not raise a substantial question as to whether the the 12-month durational requirement is met with respect to Stapleton's claimed visual impairment. Thus, the undersigned finds that reversal and remand for consideration of whether Stapleton's claimed visual impairments met Listing 2.04B is not warranted.

Stapleton also argues that reversal is warranted because the ALJ did not discuss the effect of her glaucoma or why evidence of her glaucoma does not require additional RFC limitations. Doc. 14, p. 12. A diagnosis alone "says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). And Stapleton has not shown that functional limitations beyond those included in the RFC are necessary to account for her claimed visual impairment. There are no follow up eye records beyond the June 28, 2017, visit and there are no medical opinions setting forth functional limitations associated with Stapleton's glaucoma. In May 2018, Stapleton was able to drive herself to the hearing before the ALJ and reported having no restrictions on her driver's license. Tr. 33-34. Considering the foregoing and in light of the lack of evidence to support the durational requirement, the undersigned finds that the ALJ's lack of discussion regarding the Stapleton's glaucoma is not reversible error.

The undersigned concludes that Stapleton has failed to meet her burden to show that the ALJ's decision is not supported by substantial evidence or that reversal and remand is warranted.

## VI. Recommendation

For the reasons discussed herein, the undersigned recommends that the Court **AFFIRM** the Commissioner's decision.

March 17, 2020

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).