UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA D. STAPLETON, | ) | CASE NO. 5:19-cv-608 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. No. 20 ["R&R"]) with respect to plaintiff's complaint for judicial review of defendant's denial of her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff Sandra D. Stapleton ("Stapleton" or "plaintiff") filed objections to the R&R (Doc. No. 21 ["Obj."]) and defendant Commissioner of Social Security ("Commissioner" or "defendant") filed a response to the objections (Doc. No. 22 ["Resp."])[1]. Upon *de novo* review and for the reasons set forth below, the Court hereby accepts the R&R in part, affirms the Commissioner's decision, and dismisses this case.

**I.     BACKGROUND**

Stapleton protectively filed applications for SSI and DIB on April 20, 2016, alleging a disability onset date of March 11, 2016, based on back problems, thickened heart valve, heart murmur, high blood pressure, two spurs and two pinched nerves in her back, and being a slow learner in school. (Doc. No. 12 (Transcript ["Tr."]) 118, 128, 244.)[2]

---

[1] Defendant's response adds nothing to the analysis, as it merely stands on the merits of the original brief.

[2] For convenience, citations to the transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

After Stapleton's applications were denied initially (*id*. at 117–20; 121–23), and upon reconsideration (*id*. at 128–34; 135–39), she requested a hearing before an Administrative Law Judge ("ALJ") (*id*. at 140–41). The hearing was conducted on May 11, 2018. (*Id.* at 160.) Stapleton appeared and was represented by counsel; a vocational expert ("VA") also appeared. The hearing transcript is in the record. (*Id*. at 27–64.)

On June 22, 2018, the ALJ issued his decision, determining that Stapleton was not disabled under the Social Security Act (the "Act"). (*Id.* at 12–21.) Stapleton requested review of the ALJ's decision by the Appeals Council (*id.* at 205), which denied her request on February 20, 2019 (*id*. at 1–3), rendering the ALJ's decision final.

Represented by new counsel, Stapleton timely filed the instant action seeking judicial review. Stapleton filed a brief on the merits (Doc. No. 14 ["Pl. Br."]), defendant filed a response brief on the merits (Doc. No. 17 ["Def. Br."]), and Stapleton filed a reply (Doc. No. 19 ["Reply"]).

On March 17, 2020, Magistrate Judge Kathleen Burke issued her R&R, recommending that defendant's decision be affirmed because substantial evidence supported the ALJ's finding of no disability.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate

judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

**B.     Analysis**

As a threshold matter, the Court notes that Stapleton's only challenge on appeal[3] relates to a vision impairment (glaucoma) that she admittedly could not have raised in her original disability applications because it was not diagnosed until May 2017, more than a year after her applications

---

[3] There is no dispute that, by failing to challenge other issues arising from the ALJ's decision, plaintiff has now waived any right to do so. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that [plaintiff] appears to raise in her brief on appeal.").

were filed. (Tr. 463.) Treatment notes relating to her vision did not enter the record until after the initial and reconsideration levels of review. (Pl. Br. at 665.) As a result, the State agency medical consultants would not have considered whether Stapleton met or equaled a vision listing, nor would the ALJ have done so. Indeed, as noted by plaintiff, the ALJ's decision does not mention her glaucoma diagnosis. (*Id.*)

Notably, as pointed out by the Commissioner with citations to the record (*see* Def. Br. at 681–82), even though Stapleton was represented by counsel at the hearing before the ALJ (albeit different than her current counsel), vision impairment was never mentioned during the hearing. In fact, Stapleton denied any vision problems; testified that she was able to read; indicated that she had a valid driver's license, that she had driven herself to the hearing, and that she found driving difficult because of the back pain it caused (with no mention of vision problems).

Nonetheless, Stapleton now argues that the ALJ had an independent duty to consider her glaucoma diagnosis when constructing the residual functional capacity ("RFC") and that his failure to do so was "very harmful to [her] because the evidence of record indicates her glaucoma met the requirements of Listing 2.04B *Loss of visual efficiency, or visual impairment, in the better eye*." (Pl. Br. at 665.)

Stapleton's two objections focus on the R&R's conclusions with respect to these arguments relating to her visual impairment.

### *Objection 1 – The R&R's finding that plaintiff's open-angle glaucoma did not meet the 12-month durational requirement contains a factual error.*

"[T]he regulations have a duration requirement: an impairment 'must have lasted or be expected to last for a continuous period of at least 12 months.'" (R&R at 702–03, quoting *Seals v. Comm'r of Soc. Sec.*, 1:18 CV 1345, 2019 WL 4141499, at *5 (N.D. Ohio Aug. 30, 2019) (quoting

4

20 C.F.R. § 404.1509).) The R&R concluded that "[t]he vision records relied on by [p]laintiff cover only two months, i.e., May 10, 2017, through June 28, 2017." (*Id.* at 703, citing Tr. 455–63.) In addition, the R&R points out that, "[d]uring a medical visit regarding Stapleton's back pain in November 2017, a review of systems indicated no problems with vision and, during the May 2018 hearing, Stapleton reported no problems with her vision . . . ." (*Id.* (transcript citations omitted).) The R&R concludes that Stapleton "has failed to demonstrate how this evidence establishes that her alleged visual impairment lasted or was expected to last for a continuous period of at least 12 months." (*Id.*)

Stapleton argues that this was a factual error because "the nature of glaucoma is such that the impairment was expected to last for a continuous period of at least 12 months." (Obj. at 707.) She argues that, because treatment for glaucoma can only stop further loss of vision, the vision loss already noted in the record is permanent, rendering it, by definition, sufficient to satisfy the durational requirement. (*Id.* at 708.)

For the reasons argued by Stapleton, the Court finds that it was error to conclude, as the R&R did, that Stapleton failed to meet the durational requirement for her glaucoma impairment. Even so, any error in the R&R was harmless because, as discussed below, the R&R is correct that the ALJ both had no obligation to consider plaintiff's glaucoma and would not necessarily have reached a different determination if he had considered it.

> ***Objection 2 – The R&R's finding that the ALJ did not need to address plaintiff's glaucoma is legal error.***

The R&R addressed the ALJ's failure to consider Stapleton's glaucoma diagnosis and concluded that, because Stapleton was represented by counsel throughout all the proceedings, and

because the claimant bears the burden of proof, the ALJ did not have a heightened duty to develop the record in Stapleton's favor with respect to her glaucoma. (R&R at 702.)

Stapleton concedes that she did not raise visual impairment at any point during the administrative proceedings and "may have waived her right to argue that she met a vision listing[.]" (Obj. at 708.) Nonetheless, she insists that "[w]aiving her ability to raise this issue did not obviate the ALJ's affirmative duty to consider *all* impairments of record when formulating [the RFC] finding." (*Id.* (citing Soc. Sec. Ruling 96-8p).)

Where, as here, a claimant is represented by counsel, it is not reversible error by the ALJ to fail to *sua sponte* consider a listed impairment. *See Malone v. Comm'r of Soc. Sec.,* 507 F. App'x 470, 472 (6th Cir. 2012) ("Malone did not argue that he had a listed impairment at his administrative hearing, even though he was represented by counsel at that time."); *Wilson v. Comm'r of Soc. Sec.*, 618 F. App'x 281, 286 (6th Cir. 2015) (ALJ did not err by not addressing specific listings where plaintiff's attorney "did not mention those particular listings at [plaintiff's] hearing before the ALJ").

Moreover, "the mere diagnosis of an impairment says nothing about the severity of that impairment[,]" *Kutscher v. Comm'r of Soc. Sec.*, No. 1:13CV1389, 2014 WL 3895220, at *13 (N.D. Ohio Aug. 8, 2014), nor does such diagnosis establish a disability. *See, e.g.*, *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988) ("while plaintiff may have suffered from a dysthymic disorder, her condition was not disabling[]").

The ALJ formulated the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with limitations as follows: Never climb ladders, ropes and scaffolds; occasionally climb ramps and stairs; occasionally stoop, crouch, and crawl; frequently kneel; avoid concentrated exposure to extreme cold

and vibrations; and avoid all exposure to hazards, such as unprotected heights and moving mechanical parts.

(Tr. 16.) The R&R properly concludes that "Stapleton has not shown that functional limitations beyond those included in the RFC are necessary to account for her claimed visual impairment[,]" (R&R at 704), and, given that there are "no follow up eye records beyond [ ] June 28, 2017 . . . and . . . no medical opinions setting forth functional limitations associated with Stapleton's glaucoma[,] . . . the ALJ's lack of discussion regarding Stapleton's glaucoma is not reversible error." (*Id.*)

In light of this record, the R&R's conclusion was not legal error. This objection is overruled.

### III. CONCLUSION

For the reasons discussed above, the ultimate conclusion of the R&R is accepted. Because the defendant's decision was supported by substantial evidence, that decision is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: April 28, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**